AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO: 01-CR-20052-BC-02

ALFREDO DELAPAZ VASQUEZ
_____/

**ORDER OF DETENTION PENDING TRIAL**

In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Not applicable

**Alternative Findings (A)**

There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

There is a serious risk that the Defendant will not appear, and there is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. Defendant is charged in an Indictment with offenses that have a statutory mandatory minimum of 20 years' imprisonment. The Government proffers that Defendant has also been convicted of a federal crime in this district in addition to those listed in the pretrial services report; namely, the carrying of a weapon in relation to a drug trafficking crime. If this is in fact correct, Defendant would face a 30-year statutory mandatory minimum sentence, and therefore, there is no question that the presumption in favor of detention applies. I am therefore required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in subsections 3142(g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically, five kilograms or more of cocaine. With regard to subsection (g)(2), I find that from the Grand Jury having returned an Indictment, there is at least probable cause supporting the charges against Defendant.

As to subsection (g)(3), I find that Defendant was born in Illinois in 1975. At the time of his interview with pretrial services shortly after his arrest in Texas, Defendant indicated that his parents and siblings resided in Texas. Defendant informed pretrial services that he was married to a United States citizen in 1993 and has four children from that marriage. Defendant also informed pretrial services that for the previous month he had been residing at various addresses in the Rio Grande Valley area of Texas.

I note that the Indictment in this case was filed on December 12, 2001. The Government proffers that Defendant has been a fugitive since that time. Defendant

2

acknowledges as much, as he admitted to pretrial services that he has been a fugitive residing in Mexico for the previous five years. Counsel for Defendant proffers that Defendant has returned to the United States on more than one occasion to undertake field work in this country.

In 1992 Defendant was convicted of aggravated assault and kidnapping in Texas. He was given 10 years probation, and in 2002, Defendant was charged with violation of probation, and a warrant was issued for his arrest, which is still pending. In 1996 Defendant was convicted of driving while under the influence in Texas and was sentenced to 30 days in jail and 2 years' probation. In 1999 Defendant was convicted of possession of controlled substances, and a 2-year custodial sentence was suspended for 5 years of probation. In March 2002, violation of probation charges were filed against Defendant, and a warrant on that charge is still pending. I note further that Defendant was on probation for these convictions at the time the Grand Jury passed the Indictment in this case. In addition, Defendant admitted to pretrial services that he had used cocaine within the previous 30 days.

As I consider these circumstances under the standards set forth in the Bail Reform Act, I first conclude that Defendant has no meaningful ties whatsoever to this district. I note further that Defendant admits that he has had no contact with his family. Although Defendant proffers that his mother could be a third party custodian, as mentioned, Defendant admits no contact with his family, and moreover that his family currently resides in Texas. These facts fatally undercut the ability of Defendant's mother to act as a third-party custodian under the Bail Reform Act.

I further conclude that counsel's proffer that the Defendant could live in a home in the Gagetown, Michigan area, allegedly owned by Defendant's brother, and that he could undertake field work, are insufficient to rebut the presumption in favor of detention. I therefore conclude that Defendant has failed to rebut the presumption in favor of detention. I further conclude that even if Defendant had rebutted the presumption, there is no condition nor any combination of conditions that would reasonably assure Defendant's appearance as required or the safety of the community, in light of Defendant's complete lack of community ties to this district, his prior criminal history, his probation status, and his admitted five-year fugitive status outside the United States. For these reasons, the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

                                           s/ *Charles E Binder*
                                           CHARLES E. BINDER
Dated: June 21, 2006                      United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Eric Proschek and Michael Hluchaniuk, and served in the traditional manner on Pretrial Services and the U.S. Marshal's Service.


Dated: June 21, 2006                          By       s/Mary E. Dobbick
                                                           Secretary to Magistrate Judge Binder