UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFREDO DeLaPAZ VASQUEZ,

    *Petitioner*,

CRIMINAL CASE NO. 01-CR-20052-02
CIVIL CASE NO. 10-CV-14352

*v.*

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

    *Respondent*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 104)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **DENIED**.

**II.    REPORT**

    **A.    Introduction**

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington (Doc. 106), is the above-entitled motion filed pursuant to 28 U.S.C. § 2255 to vacate Petitioner Alfredo DeLaPaz Vasquez's federal custodial sentence. Respondent submitted a response (Doc. 110) and Petitioner Vasquez (hereafter "Vasquez") filed a reply on February 23, 2011. (Doc. 111.) I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

### B.     Background and Parties' Arguments

Vasquez was charged in a two-count indictment with: (1) conspiracy to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846; and (2) aiding and abetting one another in the distribution of 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) On July 20, 2006, the government filed a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851 based on Vasquez's prior felony drug conviction. (Doc. 48.) A jury trial was held between October 17, 2006, and October 23, 2006, and Vasquez was found guilty on both counts. Vasquez appeared before the court for sentencing on February 14, 2007, and judgment entered on February 22, 2007, committing Vasquez to the custody of the Bureau of Prisons for 240 months on each counts, to be served concurrently. (Doc. 69 at 2.) Vasquez filed a Notice of Appeal on February 20, 2007 (Doc. 67), and on March 23, 2009, the Sixth Circuit issued an opinion denying Vasquez's appeal and affirming the judgment of the district court. (Doc. 91.) *United States v. Vasquez*, 560 F.3d 461 (6th Cir. 2009). Vasquez's petition for writ of certiorari was denied by the United States Supreme Court on October 22, 2009. (Doc. 95.)

Vasquez raises four grounds for relief in his 2255 motion: (1) trial counsel was ineffective for failing to "pursue documentation omitted from disclosure that would have upheld Petitioner's version of events;" (2) trial counsel was ineffective for failing "to contact and interview key witnesses for the defense and subpoena those witnesses in preparation of, and for, Petitioner's trial;" (3) trial counsel was ineffective for failing to prevent the government from "knowingly and intentionally us[ing] false evidence along with perjured testimony surrounding that evidence in order to obtain a conviction;" and (4) trial counsel was ineffective for failing "to effectively argue up to and against the imposition of three sentencing enhancements applied to Petitioner based on

the government's version of events, supported by false evidence and perjured testimony." (Doc. 1 at 3-4.)

The government responds that Vasquez has failed to show how any alleged errors have prejudiced him. (Doc. 110 at 7.) As to Vasquez's first ground, the government responds that even if counsel would have requested and obtained documents establishing that he did not cooperate with the police after his arrest and that he did not make a controlled purchase of cocaine from Juan Rodriguez Trujillo, Vasquez "fails to explain . . . how that evidence could have resulted in a different outcome in his case." (Doc. 110 at 7.)

As to the second ground, the government argues that even assuming counsel's performance was deficient for failing to interview his co-defendants Jose Ove Montes and Juan Delgado, and his mother, Maria Vasquez DeLa Paz, he "cannot establish that he was prejudiced" because both co-defendants pleaded guilty, and there Petitioner points to no evidence indicating that they would have testified favorably. (Doc. 110 at 9.) Furthermore, even if his mother would have testified to the fact that she received a $2,000 wire transfer on October 18, 2001, and contacted a Michigan attorney, "which started a chain of events that led to Petitioner's unconditional release from custody, effectively disproving the government's version that Petitioner had agreed to become a confidential informant[,]" Vasquez has not show how that evidence would have changed the outcome of his trial. (Doc. 110 at 9-10.)

As to ground three, the government argues that the alleged false statements made by his co-defendant Montes (i.e., that the cocaine was a "solid brick" on the first day of trial but that it was "severely broken within its packaging" the second day of trial), Vasquez has not shown how these facts would have worked to change the outcome of his trial. (Doc. 110 at 10.)

3

As to the fourth and final ground, the government contends that defense counsel's failure to challenge the drug quantity used to determine Vasquez's base offense level, his failure to demonstrate that Vasquez did not flee from prosecution in order to refute the two-point enhancement for obstruction of justice, and his failure to produce evidence to dispute a two-point enhancement for being a leader in the offense, were all challenged on direct appeal, were rejected by the Sixth Circuit, and cannot be relitigated simply by bringing them under the umbrella of ineffective assistance of counsel. (Doc. 110 at 10-11.)

**C.     Governing Law**

In order to prevail on a motion brought under 42 U.S.C. § 2255, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A section 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim that he failed to raise at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation or actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1981). A post-conviction motion under section 2255 is the proper vehicle for raising claims of ineffective assistance of counsel in the first instance. *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002) (citing *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir. 1990)).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-prong test that must be satisfied to prevail on an

ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**D.   Analysis**

**1.   Sentencing Issues Raised on Direct Appeal - Ground Four**

The underlying failures alleged in Vasquez's fourth ground with regard to the drug quantity used to determine his base offense level and the enhancements based on obstruction of justice and for being a leader in the offense, were all raised and decided by the Sixth Circuit. *Vasquez*, 560 F.3d at 471-74. Consequently, Vasquez may not use this § 2255 motion to relitigate these issues that were raised, considered, and decided on direct appeal absent extraordinary circumstances, such as an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Since Vasquez has not pointed to any extraordinary circumstances justifying a departure from the general rule, I suggest that his motion be denied on this ground. I further suggest that even considering these issues under the rubric of ineffective assistance of counsel, Vasquez has not shown how counsel's performance was deficient for failing to raise these issues which were rejected on appeal, nor could he show how he was prejudiced by the failure to raise issues rejected on appeal.

**2.   Trial Issues Not raised on Direct Appeal - Grounds One, Two and Three**

Vasquez contends that his counsel was ineffective for failing to obtain documents and witness testimony to show that he did not cooperate with the police by making a controlled purchase of cocaine. (Grounds 1 and 2.) Vasquez further argues that his counsel was ineffective because he should have argued about or impeached his co-defendant Montes' testimony because

6

Montes' testimony regarding the cocaine changed from describing a solid brick to cocaine that was broken up within the packaging. (Ground 3.)

As to the first and second grounds, Vasquez argues that although the government contended that he cooperated with the government to "make a controlled sale of cocaine to Juan Antonio Rodriguez Trujillo on December 12, 2001, in fact, no transaction ever took place." (Doc. 104 at 17.) Vasquez further argues that counsel was ineffective for not seeking documentation and witness testimony to prove that this controlled buy did not occur. Vasquez opines that "knowing that the events never took place . . . would make a substantial hole in the government's version of events." (Doc. 104 at 18.) However, the indictment did not charge nor was Vasquez held responsible for any conduct that occurred during a controlled buy while cooperating with the government. Showing that Vasquez did not cooperate and did not participate in a control buy is completely unrelated to the government's burden to prove Vasquez committed the offenses charged. I therefore cannot imagine how any alleged error in failing to disprove that the controlled buy occurred could render counsel deficient, or how any deficiency could have prejudiced him or undermined the reliability of the proceedings. On direct appeal, Vasquez argued that his conviction was not supported by sufficient evidence and the Court of Appeals found there was "more than sufficient evidence." *Vasquez*, 560 F.3d at 470. To the extent that these grounds could point to a lack of credibility on the part of the government's witnesses and counsel's concomitant failure to impeach them, I suggest that any failure to impeach would also not show deficient performance or potential prejudice. I therefore suggest that grounds one and two do not provide support for Vasquez's § 2255 motion.

As to the third ground, I suggest that counsel's failure to cross-examine or impeach co-defendant Montes regarding the condition of the cocaine – brick or broken pieces – neither reveals

7

deficient performance nor could it have possibly prejudiced Vasquez. Instead, I suggest it could be objectively reasonable for counsel to ignore the discrepancy. Even if the discrepancy should have been made a subject of inquiry, it is of such a trivial nature that Vasquez could not have been prejudiced by the failure to point it out. *See Evans v. United States*, 284 Fed. App'x 304, 310-11 (6th Cir. 2008) (finding counsel's failure to impeach discrepancy between PSR and trial statements was not objectively unreasonable nor was Petitioner prejudiced where "the impeachment value . . . was trivial . . . ."). I therefore suggest that ground three also fails to provide any support for Vasquez's § 2255 motion.

### E.     Conclusion

Accordingly, I suggest that Vasquez has not alleged any claims that could support a finding that his trial counsel was ineffective, that he was prejudiced by any alleged ineffectiveness, or that the district court proceedings were fundamentally unfair or unreliable. *Lockhart, supra*. Accordingly, I suggest that Vasquez's 2255 motion be denied.

### III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). See also 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

                 s/ *Charles E Binder*
                  CHARLES E. BINDER
Dated: March 18, 2011         United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on all attorneys of record via the Court's CM/ECF system and served on the following non-ECF participant via the United States Postal Service: Alfredo DeLaPaz Vasquez #61854-179, Three Rivers FCI, P.O. Box 4200, TX 78071.

Date:  March 18, 2011         By  s/*Patricia T. Morris*
                  Law Clerk to Magistrate Judge Binder