UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case Number 01-20052-2-BC
v.                                     Honorable Thomas L. Ludington

ALFREDO DELAPAZ VASQUEZ,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, DENYING DEFENDANT'S MOTION TO VACATE HIS SENTENCE, AND DENYING A CERTIFICATE OF APPEALABILITY

On December 12, 2001, a grand jury in the Eastern District of Michigan returned a two-count indictment against Defendant Alfredo Delapaz Vasquez, alleging that he had conspired to possess with intent to distribute more that five kilograms of cocaine and that he had distributed more than 500 grams of cocaine. *See* 21 U.S.C. §§ 841(a)(1) & 846. Defendant and two co-defendants were arrested in Michigan after law enforcement officers learned that the three men were transporting significant quantities of cocaine from Mexico to Michigan to be sold. Defendant was released from custody when he agreed to assist law enforcement officers with a continuing narcotics investigation. Shortly after his release, however, he traveled to Mexico and avoided prosecution until May 2006, when he was arrested in Texas. Defendant was convicted on both counts following an October 2006 jury trial, and sentenced to 240 months in prison on February 14, 2007. The conviction and sentence were affirmed on direct appeal by the Sixth Circuit Court of Appeals, and the Supreme Court declined to issue a writ of certiorari.

On October 20, 2010, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255 [Dkt. # 104]. The motion was referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Binder issued a report recommending that the Court deny Defendant's motion on March 18, 2011 [Dkt. # 113]. Defendant filed objections to Judge Binder's report and recommendation on April 21, 2011 [Dkt. # 116]. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). A party must file specific objections to the report or the party's right to further review will be waived. *Id.* Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

In his motion to vacate, Defendant argues that his conviction and sentence should be set aside because his trial counsel was ineffective in four ways. Defendant contends that his attorney did not seek "full disclosure" from the government or seek "documentation omitted from disclosure that would have upheld Petitioner's version of events." He argues that his counsel did not contact, interview, or subpoena "key witnesses for the defense." He asserts that the government "knowingly and intentionally" used false evidence and offered perjured testimony, and that his counsel was ineffective in not stopping it. Finally, he contends that his counsel was ineffective in permitting three sentencing enhancements to be assigned that were not included in the original presentence report.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984) the United States Supreme Court explained that a criminal defendant attacking his conviction on Sixth Amendment ineffective

assistance of counsel grounds, must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Judge Binder recommended denying Defendant's motion to vacate in this case based on his conclusion that even if counsel's performance was deficient, Defendant could not demonstrate he was prejudiced by the deficient performance. *Id.* Because there was no error in Judge Binder's analysis, his report and recommendation will be adopted, Defendant's objections will be overruled, and his motion to vacate his conviction and sentence will be denied.

Defendant first objects that he was prejudiced by his counsel's failure to object when the prosecutor committed misconduct and solicited perjured testimony from Michael Winters, one of the investigating officers. Specifically, Defendant claims that Winters deliberately offered false testimony with respect to the reasons Defendant was released from custody shortly after his initial arrest in 2001. Defendant challenges the government's assertion that he was released so that he could provide assistance with ongoing investigations. The reason for Defendant's release is not relevant to his conviction, thus his defense does not appear to be prejudiced by the allegedly false information offered by Winters. As Defendant emphasizes, however, his alleged flight from custody did result in a two-point increase in his offense level for obstruction of justice. Therefore, if Defendant can demonstrate the prosecutor offered knowingly false testimony with respect to the events that led to a sentencing enhancement and that his counsel failed to object, Defendant may have an ineffective assistance claim. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).[1]

---

[1] Defendant also, at least arguably, raises a due process claim for the first time in his objections, contending that the prosecutor's knowing use of perjured testimony violated his right to due process. *See United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989). Putting aside the fact that new arguments may not be raised in the objection to Judge Binder's report and recommendations, the due process argument fails because there is no "reasonable likelihood" that

Defendant contends, that contrary to Winter's testimony, Defendant never agreed to assist in an ongoing investigation. Rather, he was simply released from custody because he had been in jail for more than seventy-two hours without making an appearance in court, and his mother had contacted an attorney who demanded his release. When he was released, he simply returned to his home in Mexico. Even if Defendant's version of the events is believed, it does not demonstrate that he was prejudiced by his attorney's failure to object to Winter's testimony. Defendant was indicted on December 12, 2001. He had apparently returned to Mexico shortly before the grand jury returned the indictment. Yet, even though he knew of the indictment,[2] he remained in Mexico. *United States v. Smart*, 41 F.3d 263 (6th Cir. 1994). By avoiding arrest and the indictment for five years, Defendant was appropriately found to have obstructed justice no matter the reason he was released from custody in December 2001. Moreover, even if the obstruction of justice enhancement should not have been applied, Defendant's twenty-year sentence was appropriate given his conduct and criminal history. *See* 18 U.S.C. § 3553(a). Thus, no prejudice was caused by the alleged use of false testimony.

Defendant next objects that his counsel was deficient in not arguing against the penalty enhancement that was assigned based on Defendant's leadership role in the conspiracy. Review of the of the sentencing transcript, however, reveals that Defendant's attorney did argue against the leadership enhancement. Sentencing Tr. at 14–15. The Court simply disagreed and applied the enhancement. There was nothing deficient or prejudicial about counsel's performance.

---

the allegedly false testimony affected the judgment of the jury. *Id.* The evidence of Defendant's guilt was substantial, and unaffected by the reasons for his December 2001 release from custody.

[2] It is clear that Defendant knew he was under indictment, in part because his brother, Juan Delapaz, was in custody in Michigan as a result of the same indictment.

Defendant next objects to Judge Binder's conclusion that he was not prejudiced by his attorney's lack of investigation into whether Winter's was testifying truthfully about Defendant's release from custody in December 2001. Judge Binder noted that the allegedly false testimony was "completely unrelated" to the misconduct charged in the indictment. The analysis in the report is correct. The reasons for Defendant's release from custody have nothing to do with the charged offense. Thus, Defendant was not prejudiced by the alleged failure to investigate.

Defendant next objects that Judge Binder ignored his argument that a government witness provided misleading testimony with respect to a certain wire transfer. Defendant contends that the witness testified that there was one wire transfer for $2,000 on a specific date, but the documents show there were two transfers on different dates for $1,000 each. Again, the alleged error did not prejudice Defendant. One wire transfer for $2,000 or two for $1,000 add up to the same amount. Even if the witness's testimony was incorrect, there is no "reasonable likelihood" that it contributed to the conviction. *Lochmondy*, 890 F.2d at 822.

Defendant next contends that his counsel was ineffective because he refused to permit Defendant to review documents concerning the grand jury testimony of Juan Antonio Rodriguez. He does not, however, explain how the documents would have helped in his defense or even allege that had he been permitted to review them, the outcome of the trial would have been different. The fact that the documents do not contain incriminating information about Defendant limits the relevance of the documents, but it does not, as Defendant suggests, establish that he is innocent. Accordingly, he cannot establish that he was prejudiced by the alleged refusal to produce them.

Defendant next objects that Judge Binder ignored booking sheets that establish that Defendant was booked into the Saginaw County Jail on December 7, 2001 and released on

December 10, 2001. Defendant does not explain why those dates are important. The misconduct for which Defendant was convicted occurred long before that. At best, the dates are relevant to Defendant's theory that he was simply released from custody, and that there was never a cooperation agreement. That theory, however, does not demonstrate the result of the trial would have been different if Defendant's counsel had more fully investigated the booking sheets.

Defendant next objects to Judge Binder's conclusion that Defendant was not prejudiced by his counsel's alleged failure to investigate the incident reports filed by the Michigan State Police. According to Defendant, the reports contradict the testimony offered at trial. Defendant does not explain how a fuller investigation would have led to a different outcome. Indeed, the reports are incriminating and tend to show that Defendant did engage in distributing cocaine, as charged in the indictment. The alleged inconsistencies may have been useful during cross-examination, but given the overwhelming evidence supporting the conviction, it is clear that Defendant was not prejudiced by his counsel's alleged neglect of the reports because they would not have led to a different outcome.

Defendant next objects to Judge Binder's conclusion that Defendant's counsel was not ineffective for failing to investigate and call potential witnesses. Judge Binder dismissed the claim because Defendant did not explain how the testimony he expected to elicit from the potential witnesses would have changed the outcome of the trial. He still has not offered an explanation of how the potential witnesses' testimony would have assisted in his defense. Accordingly, his counsel's alleged failure to investigate and call the witnesses was not prejudicial.

Defendant's final objection relates to Judge Binder's treatment of his argument that his counsel was ineffective because he did not object to the government's efforts to manipulate the

-6-

evidence. Specifically, Defendant contends that the cocaine that was admitted into evidence was one solid brick at the beginning of the trial, but that it was later broken into pieces to match statements in the police reports. Judge Binder noted that the "trivial nature" of the objection supported his conclusion that counsel's alleged failure to object was not prejudicial. Contrary to Defendant's objection, even if the government manipulated the cocaine, given the overwhelming weight of the evidence of guilt, his counsel's failure to object to the manipulation was not prejudicial. Accordingly, Defendant's final objection will also be overruled.

Importantly, Defendant's motion to vacate and his objections focus almost exclusively on the reasons for his release from custody on December 10, 2001, two days before the grand jury returned the indictment in this case. At that point, the events that led to the indictment were over. The reason for his release is not relevant to whether he is guilty of the charged crimes. The reason for his release is relevant, if at all, only to the sentencing enhancement for obstruction of justice. As the Court has already explained, even taking Defendant's explanation of the events as true, he still would have received a twenty-year sentence based on the § 3553(a) factors. Defendant's conduct demonstrated an almost arrogant disregard for the law. In order to adequately deter such conduct in the future and promote respect for the law, a significant sentence was necessary.

Defendant may appeal this Court's determination only if he receives a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* A habeas petitioner makes a "substantial showing of the denial of a constitutional right" when he demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Defendant's claims. As a result, he is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED** that Judge Binder's report [Dkt. # 113] is **ADOPTED**.

It is further **ORDERED** that Defendant's objections [Dkt. # 116] are **OVERRULED**.

It is further **ORDERED** that Defendant's motion to vacate his sentence [Dkt. # 104] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 4, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Alfredo DeLaPas Vasquez, #61854-179, Three Rivers FCI, P.O. Box 4200, Three Rivers, Texas 78071 by first class U.S. mail on August 4, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---